UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
JAN 2 8 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:26CR038 ZMB/RHH |
| DAVID JASON MARTIN, | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

    1.    Federal law defined the term

    (a)    "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b)    "sexually explicit conduct" to mean actual or simulated--

    (i)    sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii)    bestiality,

    (iii)    masturbation,

    (iv)    sadistic or masochistic abuse, or

    (v)    lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

    (c)    "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions,

including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

    (d)   "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

    (A)   the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

    (C)   such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2.   The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.   On or between about January 1, 2021, and September 2, 2025, in the Eastern District of Missouri, and elsewhere,

**DAVID JASON MARTIN,**

the defendant herein, did knowingly use and induce Victim 1, who was a minor, to engage in sexually explicit conduct, specifically, defendant directed Victim 1 to engage in sexually explicit conduct including the lascivious exhibition of the genitals, hand-to-genital contact and acts of simulated masturbation, and said sexually explicit conduct was for the purpose of producing visual depictions of such conduct, and such depictions were produced in and affecting interstate and foreign commerce and transmitted using materials that have been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including computer,

in violation of Title 18, United States Code, Section 2251(a) and punishable under Title 18, United States Code, Section 2251(e).

## COUNT II

The Grand Jury further charges that:

4. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5. On or between about January 1, 2021, and September 3, 2025, in the Eastern District of Missouri, and elsewhere,

**DAVID JASON MARTIN,**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received image files and video files of child pornography depicting via the internet, to include but not limited to images and videos of one or more minors engaged in acts of sexual intercourse, masturbation, sexual acts and/or the lascivious display of their genitals,

in violation of 18 U.S.C. § 2252A(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2251 and 2252A as set forth in Counts 1 and II of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit

or to promote the commission of such offense or any property traceable to such property, including but not limited to: four cellular telephones, twelve Bluetooth speakers, a laptop computer, five key fobs, four smart home devices, a thumb drive, multiple firearm bills of sale, an Amazon Echo device, two Bluetooth speakers with cameras, a smart watch, a micro SD card, and a US Passport.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov